NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY L. JONES,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2174

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2174, Judge Joseph L. Toth, Judge Michael P. Allen, Judge William S. Greenberg.

---

Decided:  December 28, 2021

---

BILL HERREN, Herren Law Office, Houston, TX, argued for claimant-appellant.

IOANA CRISTEI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, ANDREW J. STEINBERG,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, *Chief Judge*, SCHALL and STOLL, *Circuit Judges*.

SCHALL, *Circuit Judge*.

Terry L. Jones appeals the decision of the Court of Appeals for Veterans Claims ("Veterans Court") in *Jones v. Wilkie*, No. 19-2174, 2020 WL 356465 (Vet. App. Jan. 22, 2020). In its decision, the Veterans Court affirmed the December 6, 2018 decision of the Board of Veterans' Appeals ("Board") that denied Mr. Jones an effective date earlier than August 30, 2006, for the award of service connection for major depressive disorder ("MDD"). Appx. 74.[1] For the reasons set forth below, we dismiss for lack of jurisdiction.

BACKGROUND

I.

Mr. Jones served two tours in the United States Navy. The first tour began on June 3, 1966, and ended on October 30, 1969. Appx. 11. The second tour began on September 27, 1972, and ended on August 27, 1973. *Id.* at 14.

On June 15, 1973, in Long Beach, California, Mr. Jones received a psychiatric evaluation from Dr. W. C. Rader. In his evaluation, Dr. Rader wrote that Mr. Jones exhibited "obvious anxiety and some underlying depression." *Id.* at 13. However, Dr. Rader's diagnosis of Mr. Jones was limited to "immature personality disorder." *Id.* On August 27,

---

[1] We refer to the Appendix filed by Mr. Jones as "Appx." and the Supplemental Appendix filed by the Secretary as "S.A."

1973, Mr. Jones was honorably discharged from the Navy. *Id.* at 14.

In November of 1979, Mr. Jones filed a claim with the Veterans Administration, now known as the Department of Veterans Affairs ("VA"), Regional Office ("RO") for service-connected disability compensation. He described his disability as "[p]sychiatric evaluation made on June 15, 1973 with medical report." *Id.* at 15.

The RO denied Mr. Jones's claim on March 25, 1980. *Id.* at 16. Although the RO noted "[r]ecords supplied by [the] vet" that showed a psychiatric evaluation had been performed at "Long Beach," and that the records indicated that Mr. Jones had been diagnosed with "immature personality disorder," *id.*, the RO denied the claim because immature personality disorder is a "constitutional or developmental abnormality, not a disability under the law," *id.* at 17. Mr. Jones did not perfect an appeal of this decision. *Jones*, 2020 WL 356465 at *1.

On December 31, 2002, Mr. Jones filed another claim for service-connected disability compensation for, in part, "depression anxiety," asserting that his condition began in 1966 and was treated in 1973 in "Long Beach." S.A. 100; Appx. 22. In an April 10, 2003 rating decision, the RO stated that Mr. Jones had "reopened" his 1979 claim of service connection for "[d]epression with anxiety." Appx. 19. The RO denied Mr. Jones's "reopened" claim, stating that "[s]ervice connection for Major depressive disorder is denied since this condition neither occurred in nor was caused by service." *Id.* at 20. The RO did find that MDD was reflected in treatment records for Mr. Jones dated January 22, 2003 through March 7, 2003, but that this was not related to Mr. Jones's military service. *Id.* at 19–20. The RO concluded that "a rating decision dated March [25], 1980 denied service connection for immature personality disorder[,]" and that this was "the only mental type diagnosis received during service." *Id.* at 20. Mr. Jones did not

appeal the 2003 RO decision and it became final.  *Jones*, 2020 WL 356465 at *1.

On August 30, 2006, Mr. Jones filed another claim for several disabilities, including "anxiety and depression." Appx. 23.  The RO treated this claim as a request to reopen the previously denied December 31, 2002 claim for MDD, and on January 30, 2007, denied reopening for lack of new and material evidence.  *Id.* at 24–26.

On March 27, 2007, Mr. Jones submitted the June 1973 psychiatric evaluation to the RO for consideration.  S.A. 84–86.  On May 29, 2007, the RO issued another rating decision denying Mr. Jones's claim.  Appx. 28–30.  In its denial, the RO explained that Mr. Jones had not submitted new and material evidence regarding service connection for MDD, and that the June 1973 evaluation showed only a diagnosis of "immature personality disorder."  *Id.* at 30.

In February 21, 2008, Mr. Jones filed a Notice of Disagreement with the May 29, 2007 rating decision.  S.A. 80. On February 23, 2009, the RO issued a statement of the case.  *Id.* at 51–79.  In the statement of the case, the RO reiterated that Mr. Jones had not submitted any new and material evidence, and that the evidence of record "failed to show [Mr. Jones] [was] diagnosed with major depressive disorder while on active duty."  *Id.* at 77–78.  The RO explained that the 1973 evaluation only showed an in-service diagnosis of immature personality disorder, and that personality disorders "are behavioral conditions which begin in early childhood."  *Id.*  The RO stated that the evidence did not sufficiently demonstrate that Mr. Jones incurred his diagnosed MDD in service.  *Id.* at 78–79.

In a decision dated September 21, 2012, the Board considered Mr. Jones's appeal of the May 29, 2007 decision. Appx. 34–51.  Among other things, the Board remanded the claim to the RO for further development of the issue of service connection for anxiety and depression.  *Id.* at 49–50.

On November 19, 2012, counsel for Mr. Jones submitted to the RO the psychological evaluation of Mr. Jones by clinical psychologist Jim C. Whitley dated October 15, 2012. S.A. 39–47. Dr. Whitley concluded that Mr. Jones had "a Generalized Anxiety Disorder and a Major Depressive Disorder, both of which more likely than not were incurred while in the service." *Id.* at 47. Based upon this new evidence, the RO reopened Mr. Jones's psychiatric condition claim and, on April 23, 2015, awarded service connection for MDD with a rating of 50 percent disabling, effective August 30, 2006, the date that Mr. Jones filed his claim that the RO had treated as a claim to reopen the previously denied December 31, 2002 claim for MDD. Appx. 24–26, 67–69.

Mr. Jones appealed to the Board again, arguing that he was entitled to an earlier effective date. In its December 6, 2018 decision, the Board denied the appeal, noting that Mr. Jones's December 31, 2002 claim "reopen[ed]" his 1979 claim for service connection for a psychiatric disorder. Appx. 74–75. The Board determined that, although the "VA did not properly adjudicate the broader claim of service connection for a psychiatric disability filed in November 1979," the 2003 RO Decision had adjudicated and specifically denied service connection for MDD. Appx. 75, 77–78. The Board further determined that the decision had become final. *Id.* at 78. The Board thus concluded that August 30, 2006, was the earliest possible effective date for Mr. Jones's service-connected depression under the law. *Id.* at 79.

## II.

On appeal to the Veterans Court, Mr. Jones argued that the Board erred in finding that the 2003 RO decision adjudicated his 1979 claim. In that regard, he contended that the 2003 RO adjudicator was unaware of his 1979 claim and, without such awareness, could not have adjudicated that claim. *See Jones*, 2020 WL 356465 at *2. Mr.

Jones also contended that the Board improperly applied the implicit denial rule, which, he argued, requires knowledge of the earlier claim. *Id.*[2]

### III.

In affirming the Board's decision, the Veterans Court found no clear error in the Board's factual conclusion that the 2003 RO decision adjudicated Mr. Jones's 1979 claim and specifically denied service connection for MDD. *Jones*, 2020 WL 356465 at *2. The court further concluded that, despite Mr. Jones's arguments concerning the implicit denial rule, that rule was inapplicable because the Board *expressly* denied Mr. Jones's claim for depression in 2003. *Id.* Finally, the court held that August 2006 was the earliest possible effective date for Mr. Jones's depression because he did not appeal the 2003 RO decision. *Id.*

### DISCUSSION

### I.

On appeal, Mr. Jones argues that the Veterans Court misinterpreted the implicit denial rule. He contends that the court erred because it "gave *no consideration* to whether the language of the 2003 rating decision, which expressly denied the 2002 claim, would make it clear to a reasonable person that it was intended to dispose of the 1979 claim as well." Appellant's Br. 10; *see also id.* at 7, 11. Mr. Jones points out that knowledge of a claim is one of the factors that the Veterans Court uses when applying the implicit denial rule. *Id.* at 11 (quoting *Batson v. Shulkin*, 686

---

[2]    The implicit denial rule, also referred to as the implied denial rule, "provides that, in certain circumstances, a claim for benefits will be deemed to have been denied, and thus finally adjudicated, even if the [VA] did not expressly address that claim in its decision." *Adams v. Shinseki*, 568 F.3d 956, 961, 962 (Fed. Cir. 2009).

F. App'x 878, 880 (Fed. Cir. 2017)); Reply Br. 3–4 (quoting *Adams*, 568 F.3d at 963–64). Mr. Jones argues that the RO was unaware of his 1979 claim until the Board's December 6, 2018 decision. *See* Appellant's Br. 11. Accordingly, he argues, the 2003 RO decision could not have implicitly denied his 1979 claim. *Id.*; Reply Br. 3–4.

## II.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We lack jurisdiction to entertain a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case where, as here, the appeal presents no constitutional issue. *Id.* § 7292(d)(2).

Although Mr. Jones's appeal is presented as a legal challenge to the court's interpretation of the implicit denial rule, we note that the Veterans Court never reached that rule, instead relying on the Board's *express* denial of Mr. Jones's 1979 claim. Thus, Mr. Jones's appeal hinges on his challenge to the Board's 2018 determination that the 2003 RO decision had adjudicated and expressly denied service connection for his 1979 claim, Appx. 75,[3] a determination

---

[3]    Specifically, in its December 2018 decision, the Board stated:

> Although the Board agrees that, as the Veteran's representative alleges, VA did not properly adjudicate the broader claim of service connection for a psychiatric disability filed in November 1979 until much later, the eventual April 2003 denial in that

that the Veterans Court found to not be clearly erroneous, *Jones*, 2020 WL 356465 at *2. Such a challenge to a factual determination is not within this court's jurisdiction under 38 U.S.C. § 7292(d)(2).

Further, although the Veterans Court did not reach the implicit denial rule, to the extent Mr. Jones argues that the facts of his case do not support application of that rule, he presents a claim beyond the scope of our jurisdiction. The reason is that such a claim represents a challenge to the application of law to fact under 38 U.S.C. § 7292(d)(2).

Accordingly, because Mr. Jones has not presented an issue over which we have jurisdiction, the appeal is dismissed.

**DISMISSED**

COSTS

No costs.

---

matter was unappealed [and] became final. Appx. 75.